IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30876
Summary Calendar

_____

ALVIN TOWLE; MARY LEE TOWLE,

Plaintiffs-Appellants,

versus

MANTON L. SELBY, II; MIDWEST LEGAL SERVICES INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-2161

_____

May 3, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alvin and Mary Lee Towle appeal the district court's grant of judgment as a matter of law based on the judge's finding that there was no evidence to support the plaintiff's claim of damages.

The key issue in this complex case is whether a loan of $150,000 was made personally to Alvin Towle or to his company as a stock purchase. In the summer of 1990, Towle, needing funds to form a new company, accepted a loan from Joseph Pedott for $150,000.[1] After the newly formed company went into bankruptcy, Pedott sued Towle, claiming

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

[1]Towle repaid Pedott $53,000 making the sum at issue $97,000.

that the money was a personal loan rather than a loan to the company in exchange for stock.  After obtaining a default judgment against Towle in California, Pedott filed suit in Louisiana to enforce the judgment.  Seeking to overturn the California judgment, Towle hired Manton Selby to represent him.  Towle obtained Selby's name from a list of attorneys provided by Midwest Legal Services, the provider of a legal benefits plan to which Mrs. Towle was entitled through her employer.[2]  This suit arose after Selby's failure to successfully attack the California default judgment against Towle; Towle claims negligence on the part of both Selby and Midwest Legal Services.

Finding that there was no evidence that the loan from Pedott to Towle was anything other than a personal loan, the district court determined that Towle failed to show that he had suffered any damages.  For this reason, the court granted judgment for the defendants as a matter of law.

In reviewing a motion for judgment as a matter of law, we use the same standard employed by the district court.  See Roberts v. United New Mexico Bank, 14 F.3d 1076, 1078 (5th Cir. 1994).  The evidence must be reviewed in the light most favorable to the opposing party, and the verdict should be upheld so long as "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict."  Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969) (en banc).  After a careful review of the record and the parties' briefs, we hold

---

[2]Because defending a judgement is considered a non-covered service, Midwest Legal Services had no involvement in Selby's representation of Towle other than providing his name.

that the district court did not err in finding no evidence of any damages suffered by the plaintiff.  The ruling below is therefore affirmed for essentially the same reasons given by the district court in its oral ruling.

AFFIRMED.